# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VIRGINIA C. KASPAR,

    Plaintiff,

vs.                                                  No. CIV 99-0262 JC/LFG (ACE)

CITY OF HOBBS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion in Limine to Prohibit Defendants from Asserting a "Hot Pursuit" Defense and to Exclude any Testimony in Support of that Defense, filed February 18, 2000 *(Doc. 123 )* ("Motion"). The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion is well taken and will be granted.

Plaintiff moves the Court for an order prohibiting Defendants from asserting or making reference to the defense of "hot pursuit," and further requests that Defendants be directed "to admonish their witnesses to avoid making reference to hot pursuit of a fleeing felon as a justification for the search of Plaintiff's home." *See* Pl.'s Motion at 1. Defendants admit that they "have not previously and do not now seek to assert" that the search of Plaintiff's home falls under the "hot pursuit" exception. Defs.' Resp. to Pl.'s Motion, filed Mar. 2, 2000 *(Doc. 125)* at 1. However, Defendants oppose Plaintiff's Motion fearing that Plaintiff's request would "prohibit the officers from describing why they were there and what they were doing" on the night of the search. *Id.* at 2.

Plaintiff replies that she "does not seek to prohibit any witnesses from testifying about the facts of what occurred," but only seeks to prevent Defendants "from trying to mount an 'exigent circumstances defense'" as a justification for conducting a warrantless search of Plaintiff's home. Pl.'s Reply to Defs.' Resp., filed Mar. 9, 2000 *(Doc. 126)* at 2.

Thus, the parties appear to agree that while Defendants may not assert "hot pursuit" as a justification for conducting the search of Plaintiff's home, the officers may testify as to the circumstances surrounding the search of Plaintiff's home. Because I fail to discern any substantive conflict in the parties' positions, I will grant Plaintiff's Motion in Limine.

Wherefore,

IT IS ORDERED that Plaintiff's Motion in Limine to Prohibit Defendants from Asserting a "Hot Pursuit" Defense and to Exclude any Testimony in Support of that Defense *(Doc. 123)* is granted. Defendants shall not assert or refer to the "hot pursuit" of a fleeing felon as a justification for the search of Plaintiff's home. Further, Defendants shall caution their witnesses to avoid making references to the "hot pursuit" defense as a justification for the search of Plaintiff's home.

DATED this 7th day of April, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:     Richard Rosenstock
                           Santa Fe, New Mexico

                           Debra Poulin
                           Santa Fe, New Mexico

Counsel for Defendants:    Gregory L. Biehler
                           Beall & Biehler, P.A.
                           Albuquerque, New Mexico