# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VIRGINIA C. KASPAR,

    Plaintiff,

vs.                                                       No. CIV 99-0262 JC/LFG (ACE)

CITY OF HOBBS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion to Certify Defendants [sic] Interlocutory Appeal as Frivolous, filed April 11, 2000 *(Doc. 133)* ("Motion"). The Court has reviewed the Motion, the memoranda, the submissions of the parties, and the relevant authorities. The Court finds that Plaintiff's Motion is not well taken and will be denied.

The facts of this case are set forth in this Court's Memorandum Opinion and Order of March 28, 2000 *(Doc. 127)*. In that opinion and order, the Court granted in part Plaintiff's Motion for Partial Summary Judgment and denied Defendant Durham's claim of qualified immunity for his search of Plaintiff's bedroom. Defendants timely filed a Notice of Appeal *(Doc. 132)* of the order denying qualified immunity to Defendant Durham. Plaintiff now moves this Court to certify the appeal as frivolous.

The Tenth Circuit stated that "[a]n appeal is termed frivolous if the result is obvious, or the arguments of error are wholly without merit." *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986) (citing *DeWitt v. Western Pac. R.R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983)).

Moreover, "an appeal challenging the judge's interpretation would not be frivolous." *Stewart v. Donges*, 915 F.2d 572, 579 (10th Cir. 1990). The denial of Defendant Durham's qualified immunity was based, in part, on this Court's interpretation of the law concerning third party consent. Defendants challenge this Court's interpretation of the law and the application of that law to the facts. Thus, under the standard described above, Defendants' appeal is not frivolous.

Plaintiff correctly notes that when an interlocutory appeal is filed, the district court may retain jurisdiction over those aspects of the case not involved in the appeal. *See id.* at 576. That principle might allow this case to proceed to trial on those claims and defendants not involved in Defendants' appeal. However, a piecemeal approach to litigation is at odds with serving the interests of judicial economy and would further complicate the issues in this case. Accordingly, I will stay this case pending resolution of Defendants' interlocutory appeal to the Tenth Circuit Court of Appeals.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Certify Defendants [sic] Interlocutory Appeal as Frivolous *(Doc. 133)* is **denied**.

IT IS ALSO ORDERED that this case is **stayed** pending resolution of Defendants' interlocutory appeal to the Tenth Circuit Court of Appeals. The hearing scheduled for Tuesday, April 18, 2000, and the trial scheduled for May 8, 2000, are hereby **vacated**

DATED this 17th day of April, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**